Efrain Sanchez-Diaz
SID# 13122868
Snake River Correctional Institution
777 Stanton Blvd
Ontario, OR 97914

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

EFRAIN SANCHEZ-DIAZ,

           **Petitioner,**

v.

JAMIE MILLER, Superintendent, Snake River Correctional Institution,

           **Respondent(s),**

Civil Case No. 2:23-cv-01465-JR

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2254**

## CONVICTION UNDER ATTACK

1. Name and location of court which entered the judgment of conviction under attack:
   Washington County Circuit Court

2. Criminal docket or case number (if known): C990462CR

3. Date of judgment of conviction: February 9th, 2017

4. Length of sentence: Life with 25 years minimum Sentence

5. Nature of Offense involved (all counts): Count 1, Murder (Unclassified Felony); Count 2, Unlawful Use of a Weapon.

6. What was your plea? (check one)

    [x] Not Guilty         [ ] Guilty

    [ ] Nolo Contender     [ ] Insanity Plea

If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: **NA**

7. If you pleaded not guilty, what kind of trial did you have? (check one)

    [x] Jury              [ ] Judge Only

8. Did you testify at trial? (check one)

    [ ] Yes               [x] No

## EXHAUSTION OF STATE REMIDIES
## DIRECT APPEAL

9. Did you directly appeal from the judgment of conviction? (check one)

    [x] Yes               [ ] No

10. If you did appeal, answer the following:

a. Name of Court: Oregon Court of Appeals

b. Docket or case number (if known): A164605 (296 Or. App. 86)

c. Result: Affirmed without opinion

d. Date of result and citation, if known: February 6, 2019

e. Grounds raised via opening Brief:

f. ***First assignment of error:*** The trial court erred when it admitted evidence that defendant had assaulted the decedent Maria Garcia Leonardo in January, 1999, that he had threatened to kill her if she called the police, and that he had subsequently been arrested, Jailed, and charged with misdemeanors arising from that assault.

g. ***Second assignment of error:*** The trial court erred when it denied Defendant's motion for continuance.

11. Did you seek further review of the decision on appeal by a higher state court?

    [x] Yes               [ ] No

a.  Name of Court: Oregon Supreme Court

b.  Docket or case number (if known): S066505, (364 Or. 749)

c.  Result: Petition for review denied

d.  Date of result and citation, if known: May 2nd, 2019

a.  Grounds raised; **First Question Presented:** Does a trial Court err, as a matter of law, when it fails to conduct requested OEC 403 balancing after ruling that evidence of a defendant's prior bad act is admissible under OEC 403(3)?

b.  **Second question Presented:** When assessing a request for a continuance to retain new counsel, does a trial court abuse its discretion when it denies that motion, but fails to make any record indicating how it actually weighed the factors relevant to its decision?

12  Did you file a petition for certiorari in the United States Supreme Court?

[ ] Yes          [x] No

c.  Result: N/A

d.  Docket or case number (if known) N/A

e.  Date of result and citation, if known: N/A

f.  Grounds raised:

13. If you did not directly appeal from the judgment of conviction, explain briefly why you did not: **N/A**

## POST-CONVICTION RELIEF

14. Did you file a petition for state post-conviction relief or state petition for writ of habeas corpus?

[x] Yes          [ ] No

a.  Name of Court: Malheur County Circuit Court

b.  Docket or case number (if known): 19CV28736

    c. Nature of proceeding: Post-Conviction Relief

    d. Did you receive an evidentiary hearing?

       [ ] Yes     [ **x**] No

    e. Result: Post Conviction Relief was denied by Malheur County Court.

    f. Date of result and citation or case number, if known: July 26th, 2021.

g. **Grounds raised** under infective assistance of trial counsel:

h. **Claim one:** Trial counsel failed to settle on a single, coherent theory at trial.

i. **Claim two:** Trial Counsel represented to the jury that petitioner was "in this county illegally."

j. **Claim three:** Trial counsel made several statements damaging to the defense during closing arguments.

k. **Claim four:** Trial counsel failed to object, move to strike, move for curative instruction, and /or move for a mistrial, when the prosecution engaged in closing argument…

  15 Did you appeal the result of your state post-conviction or state habeas corpus proceeding?

      [**x**] Yes         [ ] No

    a. Name of Court: Oregon Court Of Appeals

    b. Docket or case number (if known): A176623

    c. Result: The Court of Appels affirmed without opinion.

    d. Date of result and citation or case number, if known: June 28, 2023

    e. **Grounds raised** via opening Brief

a. **First Assignment of error:** The trial court erred by denying relief on petitioner's claim of ineffective assistance of counsel for inadequate closing argument.

b. **Second assignment of error:** The trial court erred by denying relief on petitioner's claim that trial counsel rendered ineffective assistance of counsel by failing to object to prosecutorial misconduct during closing argument.

16. Did you seek further review of the decision on appeal by a higher state court?

        [X] Yes        [ ] No

    e. Name of Court: Oregon Supreme Court

    f. Docket or case number (if known): S070319

    g. Result: The Oregon Supreme Court Denied Review.

    h. Date of result and citation or case number, if known: August 31, 2023, Sanchez-Diaz Efrain v. Miller, 371 Or. 332 (2023)

    i. Grounds raised;

***First Question presented***: Does a criminal defense counsel provide ineffective assistance of counsel when the trial attorney explicitly concedes the strength of the prosecution's case in closing argument and tries to explain why the defense "didn't put up more of a fight"?

***Second Question presented:*** Does a criminal defense trial attorney provide ineffective assistance of counsel by failing to object to prosecutorial misconduct in rebuttal closing argument?

17. If you did not appeal from the adverse decision in your state post-conviction or state habeas corpus proceeding, explain briefly why you did not: **NA**

    Petitioner did Appeal

## GROUNDS FOR RELIEF

18. For this petition, state *concisely* every ground on which you claim that you are being held in violation of the constitution, laws, or treaties of the United States. Summarize *briefly* the *facts* supporting each ground. Attach additional pages if you have more than four grounds.

    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust (use up) your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be bared from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement proceeded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have

other than those listed if you have exhausted your state remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

a. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
b. Conviction obtained by use of coerced confession.
c. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
d. **Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.**
e. **Conviction obtained by a violation of the privilege against self-incrimination.**
f. **Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.**
g. Conviction obtained by a violation of the protection against double jeopardy.
h. Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
i. **Denial of effective assistance of counsel.**
j. Denial of right of appeal.

Grounds Raised: Constitutional Violations/ineffective assistance of counsel in violation of 6th and 14th Amendments of the United States Constitution, Article 1, § 11, and 13, of the Oregon Constitution:

a) **GROUND ONE:** (Presented on Direct Appeal) Mr. Sanchez-Diaz the petitioner was denied Due Process of law under the Fourteenth Amendment to the United States Constitution, and Article 1, § 10, 11, and 13 of the Oregon Constitution when the trial court erred by admitting evidence that defendant had assaulted the decedent Maria Garcia Leonardo in January, 1999, that he had threatened to kill her if she called the police, and that he had subsequently been arrested, Jailed, and charged with misdemeanors arising from that assault.

**Supporting FACTS**: Prior to trial, the state moved to admit petitioner's prior acts to prove "hostile motive" towards the decedent Maria Leonardo. The state wanted to prove that petitioner had "engaged in domestic violence with the victim and threatened to kill her.

At the hearing on the states' motion on December 6th, 2016, the prosecutor adduced evidence, often via hearsay, that 1) petitioner and Leonardo dated; 2) petitioner often beat Leonardo, 3) On January 18, 1999, the police responded to Leonardo's 9-1-1 call; 4) Leonardo alleged that petitioner had assaulted her and threatened to kill her if she called the police; 5) the police quickly located, arrested and Jailed petitioner; 6) petitioner was released on bail that same day; 7) the state charged petitioner with fourth-degree assault and harassment the next day, January

19; 8) Leonardo told a friend a friend that she regretted calling the police because petitioner would be upset about being Jailed; 9) petitioner beat Leonardo at some point after he was released from Jail; 10) petitioner attempted to strangle and rape Leonardo two weeks before Leonardo was killed; and 11) petitioner had continually attempted to "call [Leonardo] to get back together and she continued to turn him down," including on the night she was killed.

Petitioner's defense argued that evidence that petitioner was arrested, Jailed, and charged with crimes arising out of the January, 1999 incident was irrelevant, especially given the lapse of time between that incident and the murder. The Court should have conducted Oregon Evidence Code analysis after ruling that evidence that petitioner had assaulted the decedent Maria Garcia Leonardo less than one month before the charged murder and , as a consequence, been arrested, jailed, released, and charged with misdemeanors was admissible under OEC.

**b) GROUND TWO:** (Presented on Direct Appeal Direct Appeal) Mr. Sanchez-Diaz the petitioner was denied Due Process of law under the Fourteenth Amendment to the United States Constitution, and Article 1 § 11, and 13, of the Oregon Constitution when the trial court erred when it denied Defendant's motion for continuance.

**Supporting FACTS:** Petitioner counsel moved for continuance so that petitioner could consider whether to hire counsel of his choice to represent him. The state opposed that motion, citing reasons why a delay would prejudice it. The court simply denied petitioner's motion without explanation. The court should have made a record showing that it had properly weighed petitioner's Constitutional right to counsel oh his choice against the need for expedition in the court system. There is no basis on which to conclude that the court's ruling was a proper exercise of its discretion.

**c) GROUND THREE:** Petitioner received ineffective assistance of counsel in violation of his Due process Rights Guaranteed Under the 6th and 14th Amendments of the United States Constitution, Article 1, § 11, of the Oregon Constitution when trial counsel failed to settle on a single, coherent theory at trial.

On most part of the entire trial, defense Counsel was on the District Attorney's camp instead of advocating for petitioner.

Petitioner stated he was never at or near the crime scene on the date of the incident, but trial

counsel had placed him at the crime scene as part of his defense argument. Petitioner pleaded not guilty to the murder charges, but trial counsel argued that petitioner had stabbed the victim in self-defense. The trial counsel conceded with the District Attorney that petitioner was present in the Burger King right before the incident. Trial counsel also conceded that petitioner was present when the victim suffered a single stab wound to the chest that ultimately ended her life. Trial counsel provided ineffective and inadequate assistance of counsel in relying on its shotgun approach, resulting in prejudice to petitioner.

**Supporting FACTS**: During trial, defense counsel conceded that a Jacket located by law enforcement nearby was worn by the petitioner at the time of the incident.

During closing arguments trial counsel offered theories that (1) cuts on the Jacket were made after petitioner left Burger King; (2) the cuts were made by the victim as she slashed at petitioner with a knife she brought to the scene, and the victim somehow injured herself with it, and that petitioner was somehow able to wrest the knife away from her, and then petitioner intentionally stabbed her in self-defense;(3) the cuts were made by the victim as she slashed at petitioner with a knife she brought to the scene, petitioner was somehow able to wrest the knife away from her, and then petitioner stabbed her because he was mad (but didn't intend to kill her).

By offering the Jurors this panoply of theories the defense counsel destroyed any shred of credibility it may have had with them, opened the door for the prosecution to liken the defense to a "drowning man," and significantly increased the provability that petitioner would be convicted of murder. Reasonable trial counsel would not have settled on a single, coherent theory of the case. Trial counsel provided ineffective and inadequate assistance of counsel in relying on its shotgun approach, resulting in prejudice to petitioner.

(d) **GROUND FOUR:** Petitioner received ineffective assistance of counsel in violation of his Due process Rights Guaranteed Under the 6th and 14th Amendments of the United States Constitution, and Article 1, § 11, of the Oregon Constitution when trial Counsel represented to the jury that petitioner was "in this county illegally." Reasonable trial counsel would not have had made that choice.

**Supporting FACTS**: Trial counsel offered this highly prejudicial *fact* to the jury even though no evidence had been provided to the jury regarding petitioner's emigration status. Trial counsel

appears to have made this representation in order to provide a reason why petitioner may have feared the police (and thus fled). However, trial counsel gave alternative reasons why he might have fled. In light of those numerous alternatives, there was no reasonable basis for offering this highly prejudicial purported fact to the Jury. Reasonable trial counsel would not have had made that choice, and trial counsel provided ineffective assistance of counsel in doing so. Trial counsel's error significantly increased the probability that petitioner would be convicted of murder, resulting in prejudice to petitioner. Petitioner is entitled to federal heabeas relief.

(e) **GROUND FIVE:** Petitioner received ineffective assistance of counsel in violation of his Due process Rights Guaranteed Under the 6th and 14th Amendments of the United States Constitution when trial counsel made several statements damaging to the defense during closing arguments.

**Supporting FACTS**: (a) Trial counsel described the prosecution's case as circumstantial, but "very strongly circumstantial." Later, near the and of the defense's closing argument, trial counsel appeared to reinforce that opinion by stating that the prosecution "built a strong circumstantial case." (b) trial counsel stated that the jury was probably wondering "[w]hy we didn't put up more of a fight." (c) Subject to certain exceptions, trial counsel explained away contradictions in testimony by the prosecution's witness as "understandable."
(d) Trial counsel described the victim's death as "one of he cleanest, I suppose, assassinations that you're ever going to see." Although trial counsel was apparently trying to make a point regarding the precision of the deadly stab wound, no reasonable trial attorney would choose to make that point by describing the victim's death as an incredibly clean assassination. Reasonable trial counsel would not have made these closing argument statements, and trial counsel provided ineffective and inadequate assistance of counsel in doing so. Trial counsel's error significantly increased the provability that petitioner would be convicted of murder, resulting in prejudice to petitioner. Petitioner is entitled to relief.

(f)    **GROUND SIX:** Trial counsel failed to object, move to strike, move for curative instruction, and /or move for a mistrial, when the prosecution engaged in closing argument prosecutorial misconduct as follows: (a) The prosecutor argued that not convicting petitioner of murder would deny "justice to the victim's family and the state's witnesses. (b) The prosecutor argued that the

defense's decision not to "fight more" was not because there was "some strategy involved," but instead because there "there's nothing to fight because he did it."

By so arguing, the prosecution implied the jury could infer from the defense's decision not to present any evidence that petitioner was guilty.

**Supporting FACTS:** The prosecution argued that the witnesses, paramedics, police, and prosecutors were all burdened by this murder, and "the burden is going to pass to you to do your duty, just like those citizens" by finding petitioner guilty of murder.

The prosecutor relied on the made up "fact," not presented to the jury, that petitioner was "mad' at the victim:

> "He's mad her and you know he is mad at her because three weeks earlier she got him arrested. Arrested, charged, booked, Pay money, get released. FTA, filed to appear. Don't show up for court . The guy's not---he's not a happy camper. He's mad."
> Refer to Tr-Transcripts 823,862, 868, 874, 886.

Reasonable trial counsel would have taken the actions outlined above. and trial counsel provided ineffective and inadequate assistance of counsel in failing to do so. Trial counsel's error significantly increased the provability that petitioner would be convicted of murder, resulting in prejudice to petitioner. Petitioner is entitled to federal habeas relief.

(g) **GROUND SEVEN:** (Preserved in PCR Appeal) Mr. Sanchez-Diaz the petitioner was denied Due Process of law under the Fourteenth Amendment to the United States Constitution, and Article 1, § 10, 11, and 13 of the Oregon Constitution when the PCR trial court erred by denying relief on petitioner's claim of ineffective and inadequate assistance of counsel for inadequate closing argument.

**Supporting FACTS:** During trial rebuttal closing argument, the prosecutor misstated the burden of proof, arguing that petitioner's defense did not fight more because there's nothing to fight because he (petitioner) did it and told the jury that it could not speculate about self-defense where there was no evidence of self-defense. The prosecutor also appealed to the jurors to decide on an improper basis. Here, trial counsel was ineffective and inadequate during closing argument by making arguments that bolstered the state's case and undermined the defense. The prosecutor built on trial counsel's errors in his improper rebuttal argument by misstating the burden of

proof. Trial counsel was again ineffective and inadequate for failing to object to that improper argument and to the prosecutor's improper argument appealing to the jurors to decide the case on an improper basis. Trial counsel began by addressing the fact that the defense had not put any evidence. He noted that the jurors may be "wondering during the course of this trial why didn't counsel put up more of a fight. Why didn't counsel challenge every single witness. Why didn't counsel subject them to cross-examination, look for contradictions. Instead Counsel went on to say that the prosecution had "a lot of pieces. They're circumstantial, but they're very strongly circumstantial." Trial counsel walked through the evidence the state had presented and then pointed out some of the pieces that were missing. Trial counsel's closing argument made the state's case for it. It is not a sound trial strategy to emphasize the strength of the state's case and make almost no argument against conviction.

**(h) GROUND EIGHT:** The PCR trial court erred by denying relief on petitioner's claim that trial counsel rendered ineffective assistance of counsel by failing to object to prosecutorial misconduct during closing argument.

**Supporting FACTS:** The Washington County's circuit court concluded that the prosecutor's incorrect statements regarding the presumption of innocence including the argument that, "When that door shuts, when you sit down and you take your initial vote, the presumption of innocence is over" compromised the defendant's right to a fair trial. Moreover, trial counsel made no objections when the prosecutor told the Jury to rely on the defense's failure to put on evidence to find petitioner guilty and made other arguments that were likely to confuse the jury about the burden of proof.

## OTHER INFORMATION

19. Please answer these additional questions about the petition you are filing:

    j.  Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?

        [ X ] Yes                              [ ] No

        If your answer is "No", state which grounds have not been so presented and give your reason (s) for not presenting them:
        NA

b.  Is there any grounds in this petition that has not been presented in some state or federal court? If so, identify which ground or grounds that have not been presented, and state your reasons for not presenting them:

YES, the following claims were submitted in petitioner's initial Post-conviction Petition.

*1) Trial attorney failed to hire a DNA expert to test the black and grey Jacket including other evidence gathered at the crime scene,...*
*2) Trial Attorney failed to object to the District Attorney's statement about a bag and a cup from Burger King having petitioner's finger prints but, never presented the finger prints or items before the court...*
*3) Trial Attorney failed to review and properly investigate the documentation of petitioner's extradition to assure that such extradition was proper and legally conducted.*
*4) Trial Attorney failed to review and investigate the facts of this case including to assure that the evidence (documents) presented by the District Attorney are authentic, including the six photos used for the photo lineup of recognition and photos of the crime scene.*
*5) Trial Attorney failed to object and exclude the District Attorney's statements of 'motive' to commit the crime, using petitioner's prior arrest for a supposedly domestic violence, naming identifications with petitioner's photo, the address from the victim's apartment under the Alias of Luis Hernandez-Diaz.*
*6) Trial Attorney failed to investigate and interview "Juan Ramos Aviles" the victim's boyfriend who's name was never mention as been investigated or interview by counsel.*

These claims were raised in petitioner's initial petition for Post-conviction Relief. My PCR, counsel did not want to incorporate any of them in the first amended petition for post-conviction. Post-conviction counsel refused to certify such claims.

20. Do you have any petition or appeal now pending (filed and not decided yet) in any court, state or federal, for the judgment you are challenging here?

[ ] Yes                                                [ X ] No

If "Yes", state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised:
**NA**

21. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

k. At preliminary hearing:

William Redden, and Crystal Reeves, Metropolitan Public Defenders

400 East Main Street Suite 210 Hillsboro, OR 97123

l.  At arraignment and plea:

William Redden, and Crystal Reeves, Metropolitan Public Defenders

400 East Main Street Suite 210 Hillsboro, OR 97123

m. At trial: William Redden, and Crystal Reeves, Metropolitan Public Defenders

400 East Main Street Suite 210 Hillsboro, OR 97123

n.  At sentencing: William Redden, and Crystal Reeves, Metropolitan Public Defenders

400 East Main Street Suite 210 Hillsboro, OR 97123

o.  On appeal: MARY M. REESE OSB#862651

1175 Court Street NE Salem OR. 97301

p.  In any post-conviction proceeding: Jon Weiner

600 NW Farias Rd., Ste. 118 Gresham, OR. 97030

q.  On appeal from any adverse ruling in a post-conviction proceeding: Margaret Huntington

O'Connor Weber LLC, 1500 SW First Avenue, Suite 1090 Portland, OR. 97201

22. Is this the first *federal* petition for writ of habeas corpus challenging this conviction?

[x] Yes          [ ] No

a. If no, in what court was the prior action filed? _____NA_____

b. What was the prior case number? _____NA_____

c. Was the prior action:     [ ] Decided on the merits, or

[ ] Dismissed on procedural grounds.

d. Date of decision: _____NA_____

e. Are there any issues in this petition raised in the prior petition?

[**x**] NA

f. If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this successive petition?

[**x**] NA

If the answer is "yes", you *must* attach a copy of the order received from the Ninth Circuit Court of Appeals.

23. Do you have any future sentences to serve after you complete the sentence imposed by the judgment under attack?

        [ ] Yes         [x] No

a. If so, give the name and location of the court which imposed the sentence to be served in the future:
    NA

b. Give the date and length to be served in the future:
    NA

c. Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

        [ ] Yes         [ ] No   [x] NA

24. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one year statute of limitations as contained in 28 U.S.C § 2244(d) does not bar your petition:
Petition is filed within the one-year statute of limitations under 28 USC § 2244(d)(1).

25. Date you are mailing (or handing to correctional officer for mailing) this petition to the court: October 6, 2023

**WHEREFORE,** petitioner prays that the court will grant such relief to which he may be entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person in state custody.

### DECLARATION UNDER PENALTY OF PERJURY

I declare, (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

10-6-2023
Date

Efrain Sanchez-Diaz
SID# 13122868
Snake River Correctional Institution
777 Stanton Blvd

## CERTIFICATE OF SERVICE

**CASE NAME:** ____Efrain Sanchez-Diaz v. JAMIE MILLER_____

**CASE NUMBER:** NA

      COMES NOW, Efrain Sanches-Diaz, and certifies that I am incarcerated by the Oregon Department of Corrections at Snake River Correctional Institution.

      That on the __6__, day of __October__, 2023, I personally brought these documents to the SRCI's Legal Library Coordinator to electronically file A TRUE COPY of the following to all parties:

<u>Writ of Federal Habeas Corpus, In Forma Pauperis motion, Motion for Court appoint Counsel, Cover letter to the clerk of the court.</u>

      All the above documents have been electronically filed to the following addresses:

United States District Court
For the District of Oregon
740 U.S. Courthouse,
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

_____
(Signature)
Efrain Sanchez-Diaz
SID# 13122868
Snake River Correctional Institution
777 Stanton Blvd
Ontario, Oregon 97914